**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 23-cr-00269-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JHONNY ROMERO-CONTRERAS,

    Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Jhonny Romero-Contreras, through his attorney, R. Charles Melihercik, respectfully moves this Court for an Order excluding 60 days from the Speedy Trial Act computations, and in support thereof, states:

**PROCEDURAL HISTORY**

1. On May 16, 2023, the government filed an indictment charging Mr. Romero-Contreras with one count of illegal reentry per 8 U.S.C. § 1326(a) and provided notice of an enhanced penalty per 8 U.S.C. § 1326(b)(1). On May 18, 2023, he made his initial appearance, the Court ordered detention, and he entered a plea of not guilty.

2. The pretrial motions deadline is June 12, 2023.

3. Defense counsel has conferred with Assistant U.S. Attorney Al Buchman and the government does not oppose this motion.

1

4. Defense counsel has now reviewed the initial discovery materials. While not voluminous, they are in English and will require the assistance of an interpreter for Mr. Romero-Contreras to review them.

5. Regular meetings with Mr. Romero-Contreras will require coordination with the interpreter service and take more time than usual because of the language barrier.

6. Additionally, defense counsel will be investigating Aurora Police Department Case 2023-73780 which formed the underlying basis for the arrest of Mr. Romero-Contreras on April 19, 2023.

7. Lastly, defense counsel will be using the time to gather mitigation in anticipation of sentencing should the parties reach a disposition.

## APPLICABLE LEGAL STANDARDS

8. 18 U.S.C. § 3161(h)(7) authorizes the Court to exclude time from the limitations set forth in the Speedy Trial act where the ends of justice served by the delay outweigh the interests of the public and the defendant in a speedy trial.

9. Statutory factors for the Court to consider include whether failing to grant the motion would "result in a miscarriage of justice" or deny counsel for the defendant…the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). The complexity of the case and delays in filing of the indictment are two other factors to be considered. *Id*.

10. In *United States v. West*, the Tenth Circuit Court of Appeals discussed four factors which determine whether a denial of a continuance is arbitrary or unreasonable. *United States v. West*, 828 F.2d 1468 (10th Cir. 1987). That decision instructs the Court to consider four factors: (1) the diligence of the requesting party, (2) the usefulness of the continuance, (3)

the inconvenience to the opposing party and the Court, and (4) the prejudice if the request is denied. *West*, 828 F.2d at 1470. No single factor is determinative, and the weight given to any one factor may vary. *Id.*

## ARGUMENT

11. Defense counsel's request for a continuance satisfies both the statutory and *West* factors described *supra*.

12. Examining the statutory factors, failing to grant this motion would result in a miscarriage of justice as it would deny Mr. Romero-Contreras and counsel sufficient time to investigate the basis for potential motions, to verify the admissibility of the immigration record in discovery, to interview potential witnesses, and to otherwise effectively prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

13. Examining the *West* factors, (1) defense counsel has been diligently representing Mr. Romero-Contreras and has filed this motion in a practicable timeframe following the arraignment. (2) A 60-day continuance would allow for proper investigation, mitigation, and pursuit of a resolution short of trial. (3) The U.S. Attorney's office does not oppose this motion and a decisive majority of the witnesses in this case will be government agents. The Court will make its own determination about the inconvenience of the request, but defense counsel believes it comports with the Court's usual docketing practices. (4) Mr. Romero-Contreras needs this continuance to preserve his rights to effective representation and due process.

3

WHEREFORE, Mr. Romero-Contreras respectfully requests this Court to enter an order pursuant to 18 U.S.C. §§ 3161(h)(1) and (7)(A) for an ends of justice continuance for a period of 60 days.

Respectfully submitted,

Dated:  May 22, 2023

s/R. Charles Melihercik
**R. Charles Melihercik**
Melihercik Law LLC
7765 Wadsworth Blvd., #746327
Arvada, CO 80006.
Phone:  303-323-9082
Email:  chaz@meliherciklaw.com
*Attorney for Defendant*

4

## CERTIFICATE OF SERVICE

 I hereby certify on May 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

s/ R. Charles Melihercik
**R. Charles Melihercik**
