IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:23-cr-00269-CNS-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JHONNY ROMERO-CONTRERAS,

    Defendant.

## ORDER

    This matter is before the Court on Defendant Jhonny Romero-Contreras's Unopposed Motion to Exclude Time from the Requirements of the Speedy Trial Act (ECF No. 12). Defendant requests a 60-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and seeks a continuance of the pretrial motions deadline, motions hearing, trial preparation conference, and the trial date. For the following reasons, the motion is GRANTED.[1]

    Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within seventy days after his indictment

---

[1] The Court encourages counsel to review its Criminal Practice Standards for motions to exclude time under the Speedy Trial Act, which requires counsel to list the number of days remaining on the speedy trial clock and the date the requesting party believes the speedy trial clock expires. *See* Crim. Practice Standard III.D.

or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the seventy-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable

2

> time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

Defendant's motion describes the various factors that he believes necessitate the exclusion of 60 days from the speedy trial calculation, and the Court adopts and incorporates those facts here (*see* ECF No. 12, ¶¶ 4–7). For instance, counsel for Defendant states that there is a "language barrier" between himself and Defendant that renders consultations more time-consuming than usual, and that advance coordination with an interpreter is necessary for counsel to be able meet regularly and review discovery materials with Defendant (*id.*, ¶¶ 4–5). Further, counsel for Defendant states that additional time is necessary to investigate the state-law criminal case forming the underlying basis for Defendant's arrest in this matter, as well as to gather mitigation in anticipation of a potential plea agreement (*id.*, ¶¶ 6–7).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required

3

factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(b)(i);

(2)  Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

IT IS HEREBY ORDERED that:

(1)    Defendant's Unopposed Motion to Exclude Time from the Requirements of the Speedy Trial Act is GRANTED (ECF No. 12);

(2)    The new Speedy Trial date, which includes all tolled time, is September 27, 2023;

(3)    The current trial, trial preparation conference, motions hearing, and motions deadlines are VACATED.  The Court directs the parties to jointly contact Chambers at Sweeney_Chambers@cod.uscourts.gov within one week to reset trial, a trial preparation conference, a motions hearing, and a motions deadlines to occur within the new speedy trial period.

DATED this 23rd day of May 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge